Matter of Harmony Spring G. (Letticia Y. R.--Damon S.G.) (2019 NY Slip Op 01528)





Matter of Harmony Spring G. (Letticia Y. R.--Damon S.G.)


2019 NY Slip Op 01528


Decided on March 5, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 5, 2019

Sweeny, J.P., Renwick, Gische, Kahn, Kern, JJ.


8588

[*1]In re Harmony Spring G., A Dependent Child Under the Age of Eighteen Years, etc., Letticia Y. R., Respondent-Appellant, Little Flower Children and Family Services of New York, Petitioner-Respondent, Damon S. G., Respondent.


Douglas H. Reiniger, New York, for appellant.
Carrieri & Carrieri, P.C., Mineola (Ralph R. Carrieri of counsel), for respondent.
Karen Freedman, Lawyers for Children, Inc., New York (Brenda Soloff of counsel), attorney for the child.



Order, Family Court, New York County (Karen I. Lupuloff, J.), entered on or about December 15, 2017, which, inter alia, upon a finding of permanent neglect, terminated respondent mother's parental rights to the subject child and committed custody and guardianship of the child to petitioner agency and the Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs.
Clear and convincing evidence supports the determination that the mother permanently neglected the child by failing to plan for her future, despite the agency's diligent efforts to encourage and strengthen the parental relationship (see Social Services Law § 384-b[7][a]). Notwithstanding her partial compliance with her service plan, the mother failed to gain insight into her parental deficiencies or benefit from the services or visitation with which she may have complied (see e.g. Matter of Dina Loraine P. [Ana C.], 107 AD3d 634 [1st Dept 2013]).
A preponderance of the evidence supports the determination that termination of the mother's parental rights is in the best interest of the child (see e.g. Matter of Deime Zechariah Luke M. [Sharon Tiffany M.], 112 AD3d 535, 536 [1st Dept 2013], lv denied 22 NY3d 863 [2014]; Matter of Olushola W.A., 41 AD3d 179 [1st Dept 2007]). The child is well cared for in her pre-adoptive foster home and her foster parents wish to adopt her. Furthermore, over the past three years, the mother has failed to take any steps toward reunification or set forth a feasible plan to care for the child.
We have considered the mother's remaining arguments, including her request for a suspended judgment, and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 5, 2019
CLERK